UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LASHAWN FORTNER,<br><br>        Plaintiff,<br><br>    v.<br><br>LAKE COUNTY JAIL,<br><br>        Defendant. | Case No. 25-cv-02944-JSC<br>Case No. 25-cv-03405-JSC<br><br>**ORDER DIRECTING CLERK TO RECLASSIFY AND REASSIGN CASES** |
| ANDY LASHAWN FORTNER,<br><br>        Plaintiff,<br><br>    v.<br><br>LAKE COUNTY JAIL RELIGIOUS SERVICES,<br><br>        Defendant. | |

## INTRODUCTION

Plaintiff, an inmate in the Lake County Jail proceeding without representation by an attorney, filed these two petitions for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Central District of California. The Central District transferred these cases to this court.[1]

## DISCUSSION

In the petitions, Petitioner challenges the conditions of his confinement at the Lake County Jail, and not his conviction or sentence. "A § 1983 action is the exclusive vehicle for claims

---

[1] The Central District also transferred at least four other actions by Plaintiff to this district because they "appeared to challenge the conditions of his confinement." *See Fortner v. Lake County Religious Services*, No. 25-3405 JSC (PR) (ECF No. 5 at 1).

brought by state prisoners that are not within the core of habeas corpus," which are claims that "necessarily challenge the validity or duration of the underlying conviction or sentence." *Nettles v. Grounds*, 830 F.3d 922, 927, 929 (9th Cir. 2016) (en banc); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 [civil rights] action."). As the instant petitions challenge conditions of Petitioner's confinement, and not its "validity or duration," his claims do not lie at the "core of habeas corpus." *See Nettles*, 830 F.3d at 927, 929. Therefore, Petitioner's claims must be brought in a civil rights complaint.

If a habeas petition "is amenable to conversion" to a civil rights complaint "on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her [petition]." *Id.* at 936 (internal quotation and citations omitted). In the two instant petitions, however, Petitioner does not name the correct defendants. In Case No. 25-2944 JSC (PR), the petition simply names "Lake County Jail" as a defendant (ECF No. 1); the jail itself is not a legal entity, it is simply the facility in which Lake County houses inmates. The municipal entity that runs the jail (Lake County), or the individual officials who work there, not the jail itself, are the correct defendants on claims challenging the conditions of confinement at the jail. Similarly, in Case No. 25-3405 JSC (PR), Petitioner names "Lake County Jail Religious Services" as a defendant (ECF No. 1),[2] which is also not a municipal entity that can be sued. The instant actions are not "amenable to conversion" to civil rights cases because Petitioner has not named the "correct defendants" for civil rights claims. *See Nettles*, 830 F.3d at 836.

## CONCLUSION

For the above reasons, these petitions are DISMISSED without prejudice to Petitioner filing his claims in civil rights actions under 42 U.S.C. § 1983. No certificate of appealability will

---

[2] The Court interprets the petition to be naming either the department at the jail that oversees religious programs for inmates, or the religious services themselves, as a defendant.

2

be issued under 28 U.S.C. § 2253(c)(1)(A) because "jurists of reason" would not "find it debatable whether the district court was correct" in ruling that Petitioner must bring his claims in a civil rights action, not in a habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

The clerk shall enter judgments and close the files.

**IT IS SO ORDERED.**

Dated: April 29, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge